## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

|   |   |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 09-45040-MSH |
| JASON E. AND MEGAN A. REID ) |   |
| ) |   |
| Debtor(s). ) |   |
| ) |   |
| DAVID M. NICKLESS, Chapter 7 Trustee. ) |   |
| Plaintiff, ) |   |
| ) |   |
| v. ) | Adv. Proc. No. 10-4097 |
| ) |   |
| JASON REID, MEGAN REID, ) |   |
| FLAGSHIP BANK AND TRUST ) |   |
| COMPANY and LIN BRADY ) |   |
| ) |   |

**MEMORANDUM OF DECISION ON MOTIONS TO DISMISS ADVERSARY PROCEEDING**

This matter came before me on the Motion to Dismiss of Peoples' United Bank f/k/a Flagship Bank and Trust Company ("Flagship") [#8] and the Motion to Dismiss of the Debtors, Jason and Megan Reid [#9], and the Chapter 7 Trustee's opposition thereto [#20]. At issue is whether the complaint fails to state a claim upon which relief may be granted and, therefore, should be dismissed under Fed. R. Bank. P. 7012. The answer turns on whether Flagship has a continuing security interest in certain assets used by Mr. Reid to conduct business under the trade name Green Monster Containers and whether funds on deposit with Flagship in accounts standing in the name of "Lin Brady d/b/a Green Monster Container" are property of Mr. Reid's bankruptcy estate and must be turned over to the Chapter 7 Trustee.

1

Facts

The material facts are not in dispute. Lin Brady, who is the father-in-law of Mr. Reid, borrowed money from Flagship in order to buy equipment for an unincorporated trash removal and disposal business which he operated under the name Green Monster Containers.  Mr. Brady gave Flagship a security interest in all of his assets, including the equipment purchased for the business, and Flagship perfected that security interest by filing a Uniform Commercial Code financing statement listing Lin Brady as the debtor.   Mr. Brady subsequently sold the assets used to conduct the business, including the name Green Monster Containers, to Mr. Reid pursuant to an oral agreement whereby Mr. Reid agreed to pay the debt Mr. Brady owed to Flagship.   Flagship did not consent to the transfer and, in fact, asserts that it was unaware of the transfer until Mr. Reid filed his bankruptcy case.

On November 25, 2009 Mr. and Mrs. Reid filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.   Although the Debtors did not list any assets used to conduct the Green Monster Containers business in their original Schedules, they subsequently amended Schedule B to list three bank accounts (two with Flagship and one with TD Bank) totaling $5,502.99 held in the name of Lin Brady d/b/a Green Monster Container and accounts receivable totaling $5,965.35 scheduled as "Green Monster Container open invoices as of 11/28/09."   The Debtors also amended Schedule C to exempt these assets.   There were no objections to the amended exemptions and the time to file such objections has passed.

Position of the Parties

The Chapter 7 Trustee asserts that he is entitled to use his strong-arm powers as a good faith purchaser for value found in Bankruptcy Code §544(a) to establish the bankruptcy estate's

2

ownership of the Green Monster assets free of Flagship's security interest, because Flagship's security interest in the assets was unperfected on the Chapter 7 petition date. The Chapter 7 Trustee's argument is premised on the assumption that the transfer from Mr. Brady to Mr. Reid terminated Flagship's security interest because Flagship failed to file a UCC financing statement listing Mr. Reid as the debtor within four months of the transfer or indeed at any time prior to the Chapter 7 petition date. The Chapter 7 Trustee also alleges that it would be inequitable to permit Flagship's lien to stand because the failure to list Green Monster Container as the debtor on the UCC financing statement, apparently in addition to or instead of Lin Brady, rendered Flagship's lien "secret" and therefore undiscoverable by the Chapter 7 Trustee.

In response to the Chapter 7 Trustee's attempts to invoke his §544(a) good faith purchaser status, the Defendants, Flagship and the Debtors, point out that such status is available to a Chapter 7 trustee only with respect to *real estate*. With respect to personalty a trustee's strong-arm powers are limited to those of a judicial lien creditor or a judgment creditor. More importantly the Defendants note that MASS. GEN. LAWS ch. 106 §9-315(a)(1) provides for the continuation of a security interest upon a transfer of collateral unless the secured party authorized the transfer free of its lien and that MASS. GEN. LAWS ch. 106 §9-507(a) provides for the continued effectiveness of a filed financing statement with respect to transferred collateral. Thus, according to the Defendants, there was no need for Flagship to file another financing statement to retain its perfected security interest. With respect to the Chapter 7 Trustee's argument that Flagship's security interest lapsed four months after the transfer of the business assets, the Defendants note that this applies only to transfers of collateral beyond the borders of the state where the collateral originally was kept, MASS. GEN. LAWS ch. 106 §9-316(a)(2), a situation not present in the instant

3

case. The Defendants counter the Chapter 7 Trustee's argument that it would be unfair to allow Flagship to retain a "secret" lien by noting that Comment 8 to §9-402 of the prior version of the UCC places the burden upon a subsequent creditor to make inquiry as to a debtor's source of title and search for outstanding financing statements of former owners.

### Ruling

In deciding whether to grant a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, I must review the complaint to determine if the complaint contains sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombley, 550 U.S. 544, 570, 127 S.Ct 1955, 1966, 167 L.Ed2d 929 (2007). I must accept as true the factual allegations of the complaint but not the legal conclusions, even if couched as facts. Ashcroft v. Iqbal, --U.S.--, 129 S.Ct 1937, 1947, 173 L.Ed.2d 868 (2009). Recitations of the elements of a cause of action supported only by legal conclusions are insufficient to withstand a motion to dismiss. Id.

In this adversary proceeding, while the salient facts are not in dispute, the Chapter 7 Trustee relies upon incorrect conclusions of law to support his argument that Flagship's security interest was not perfected as of the Chapter 7 petition date. As correctly argued by Flagship, the Trustee's invocation of good faith purchaser status under Bankruptcy Code §544(a)(3) is misplaced because the assets in question here are personalty, not realty   However, even if the Trustee were to amend his complaint to assert other strong-arm powers, such as his status as a hypothetical judgment creditor under §544(a)(2), his attempt to prime Flagship's security interest would still be unavailing. MASS. GEN. LAWS ch. 106 §9-315(a)(1), § 9-507(a), and § 9-316(a)(2) establish that Flagship's security interest remains valid despite the intrastate transfer of the

collateral and despite the failure to list the debtor's trade name or the debtor's transferee on the financing statement. MASS. GEN. LAWS ch. 106 §9-315(a)(1) provides for the continuation of a creditor's security interest upon a transfer of collateral and § 9-507(a) continues the efficacy of the secured creditor's financing statement in such a situation. In addition to Comment 8 of the prior version of UCC §9-402, the current version of MASS. GEN. LAWS ch. 106 §9-503(a)(4)(A) provides that a financing statement is sufficient if it contains the name of an individual who is the debtor. Indeed, "under the U.C.C., a financing statement that provides only the debtor's trade name is insufficient." In re Rowe, 369 B.R. 73, 80 (Bankr. D. Mass. 2007) (citing. William C. Hillman, DOCUMENTING SECURED TRANSACTIONS, § 9.3.2[C], p. 9-15 (2d Ed.2007)). Because Flagship's security interest continues to be valid and perfected, the Chapter 7 Trustee cannot avoid or otherwise prime Flagship's lien.

With respect to the Flagship bank accounts, even assuming Flagship is not entitled to a security interest in those accounts, the Trustee's attempt to compel their turnover is futile. The accounts were scheduled as assets but the Debtors exempted them on their amended Schedule C and the Chapter 7 Trustee did not object to the claimed exemption within the time allowed. See Fed. R. Bankr. P. 4003(b). See also Taylor v. Freeland & Kronz, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

The Motions to Dismiss are ALLOWED. Separate orders will issue.

Dated: September 17, 2010							By the Court,

							_____
							Melvin S. Hoffman
							U.S. Bankruptcy Judge